[No. 7,072.—In Bank.]

## PEOPLE v. J. B. HAGGIN.

SWAMP LAND DISTRICT—PUBLICATION—ASSESSMENT.—A complaint in an action to recover an assessment upon a swamp land district stated that the petition for the formation of the district was published for four weeks ending with February 25th, and that on the 2nd of May thereafter, at the next meeting of the Board of Supervisors, the board made an order approving the petition, which order was signed by the President and attested by the clerk. *Held*, that the complaint was insufficient in not showing that the publication was made for four weeks next preceding the hearing, and in not showing that the board noted its approval on the petition.

ID.—ASSESSMENT—PARTY IN INTEREST—PLAINTIFF.—Such action should be brought in the name of the swamp land district.

ID.—ID.—ID.—ID.—DEMURRER.—The objection that such action is brought in the name of the people can be raised upon a demurrer to the complaint, on the ground that it does not state a cause of action.

APPEAL from a judgment in the Sixteenth District Court, County of Kern. REED, J.

The following is the allegation in the complaint referred to in the opinion:

" That said district is, and has been ever since the 22nd day of December, A. D. 1870, a corporation, to wit, a swamp land district, created, organized, and existing under and by virtue of the laws of the State of California, and is and has been ever since said 22nd day of December, A. D. 1870, or thereabouts, a *de facto* corporation, to wit, a swamp land district, claiming in good faith to be a corporation and a swamp land district under the laws of the State of California, and as such doing business and exercising corporate powers and the powers of a swamp land district, under the laws of the State of California, and as such doing business and exercising corporate powers and the powers of a swamp land district."

*Stetson & Houghton*, for Appellant.

The power of establishing the district was vested exclusively in the Board of Supervisors, and the District Court had no jurisdiction, except by writ of *certiorari*, to review the action of the board. In incorporating a private company, a literal compliance with the statute is not necessary ; still less should it be so in the case of a municipal corporation, which concerns public

interests, and where there is an appointed tribunal to pass upon the sufficiency of the preliminary proceedings. (*Spring V. W. W.* v. *San Francisco*, 22 Cal. 440.)

But if the complaints are defective in respect to the allegations about the proceedings before the Board of Supervisors, they are not open to demurrer: at most, only to a motion to strike out those averments as redundant. For the complaints allege that the district was a swamp land district *de facto*, whereby its corporate existence, for the purposes of these demurrers, is established.

The common-law rule prevents any inquiry (in a collateral suit) into the legal existence of a *de facto* corporation. (*Slocum* v. *Providence etc. Co.* 10 R. I. 114; *Lord* v. *Essex etc. Ass'n*, 37 Md. 320; *Thompson* v. *Candor*, 60 Ill. 247; *Commissioners etc.* v. *Bolles*, 94 U. S. 104; Angell & Ames on Corporations, § 70; *Eaton* v. *Aspinwall*, 19 N. Y. 121; *Trott* v. *Warren*, 11 Me. 227; *Hagerstown etc.* v. *Creeger*, 5 Har. & J. 123; *Swartwout* v. *Mich. etc. Co.* 24 Mich. 394; *McFarlan* v. *Triton Ins. Co.* 4 Denio, 397; *Brouwer* v. *Appleby*, 1 Sand. 168; *Caryl* v. *McElrath*, 3 id. 179; *Buffalo etc. Co.* v. *Cary*, 26 N. Y. 77, 78; *Grand Rapids B. Co.* v. *Prange*, 35 Mich. 403; *Smith* v. *Sheeley*, 12 Wall. 358.)

And these reclamation districts are municipal corporations. (*Dean* v. *Davis*, 51 Cal. 410; *People* v. *Reclamation Dist.* 108, 53 id. 346.)

The general rule has been recognized in California. (*Rondel* v. *Fay*, 32 Cal. 361; *Oroville etc. Co.* v. *Plumas etc.* 37 id. 359; *Harris* v. *McGregor*, 29 id. 124; *Pacific Bank* v. *De Ro*, 37 id. 542.)

This common-law rule is in full force in California now, because the present statute on this point in terms applies only to corporations created under the Civil Code. (Civ. Code, § 358.)

A *de facto* government may levy taxes. (Cooley Const. Lim. p. 4.)

In Michigan the legal existence of a *de facto* school district was not allowed to be questioned after it had acted as such for some years. (*Stewart* v. *Kalamazoo*, 30 Mich. 69.)

And in an action to recover swamp land assessments, our Supreme Court has held that the legal existence of a *de facto* district cannot be questioned. (*Dean* v. *Davis*, 51 Cal. 411.)

As to the point that the board did not proceed to act immediately after the expiration of the publication, we say that the petitioners could not compel the board to act. It will be presumed that the board took it up as soon as the disposition of its business would allow. And the actual time of hearing related back to the time when the publication ended.

The question whether the action should be brought in the name of the people, should not now for the first time be raised. But the point is not well taken. It is made the duty of the district attorney to bring the action; as the statute does not declare in whose name it shall be brought, and as these corporations are branches of the government, the action was properly brought in the name of the people.

The claim is a tax, and the sovereign has not parted with or delegated to another its right to enforce it.

*Louis T. Haggin*, for Respondent.

The complaint fails to set forth a compliance with the statutory prerequisites, and it affirmatively shows that something else, something differing essentially from and totally at variance with the requirements of the statute, was done in the place of those things which the law said should be done.

The statute required, as conditions precedent to the organization of the district—

1. That the Board of Supervisors should hear and approve the petition; and

2. That such approval should be noted on the petition itself.

To give the board jurisdiction of the proceedings, however, it was absolutely necessary that all parties in interest should be brought before it by due and proper notice. This was a constitutional right they had, independent of any statutory requirement on the subject. (*Stuart* v. *Palmer*, 74 N. Y. 188.)

But the statute did require such notice to be given: not only required it, but expressly provided the very manner in which it should be done.

"The petition shall be published for four weeks next preceding the hearing thereof." (Statutes of 1867–68, p. 515.)

Such was the notice required by law. Nothing else could be done in its stead, nothing could supplement it.

The Legislature directed that the petition should be published for four weeks *next preceding* the hearing.

"The Legislature may prescribe the kind of notice, and the mode in which it shall be given." (*Stuart v. Palmer*, 74 N. Y. 189.) And "that which the Legislature has directed to be done, courts cannot declare immaterial." (*Merritt* v. *Vil. of Portchester*, 71 N. Y. 312.)

It is suggested on behalf of appellant, as an excuse for the petition not having been published for four weeks next preceding the hearing by the Board of Supervisors, that "the petitioners could not compel the board to act at a given time; press of business might make it impossible, and the law never requires an impossibility." A simple answer to this is that that which the law requires as a condition precedent must be strictly performed, however difficult; and had the Board of Supervisors not been ready to hear the petition at the time of its presentation, the publication thereof should have been continued until the board was ready.

The allegation in the complaint of the *de facto* existence of the corporation cannot be considered as a statement of an independent cause of action, or as constituting, in any sense or degree, the gravamen of the complaint.

Such allegations are merely the deductions drawn by the pleader.

The action is not prosecuted in the name of the real party in interest. It should have been brought in the name of the trustees of the swamp land district.

That such was the intention of the Act of March 28th, 1868 (under which the district purports to have been formed), clearly appears, for § 38 of said act (Stats. 1867–68, p. 317) provides that in proceedings for the condemnation of rights of way, etc., the "trustees" shall do certain things, take certain steps, etc.; and § 39 of the same act provides that when the owner or owners of the lands desire to reclaim the same without the intervention of trustees, etc., then "in all proceedings the name or names of the said owner or owners shall be used instead of the names of the trustees." From this it results that when the

reclamation is undertaken through the intervention of trustees (as in the cases at bar) all proceedings shall be had in the names of the trustees. Nor does this construction conflict with that provision of § 35 of said act whereby it is directed that "the district attorney shall proceed against all delinquents in the same manner as is provided by law for the collection of State and county taxes." This provision directs merely the manner of the proceedings, not the name in which such proceedings shall be prosecuted.

But even if it be held that this section of the act required suit to be brought in the name of the people, in such respect at least the act was repealed by § 3466 of Political Code, as amended March 30th, 1874 (Hittell's Codes, vol. 1, § 3466), wherein the manner of bringing suit is expressly provided, but no direction given, even by implication, that it shall be brought in the name of the people.

It is not shown that the State, or "The People of the State of California," have any interest in the action, or in the subject-matter thereof. (*Curtis* v. *Murray*, 26 Cal. 634; *Mendocino Co.* v. *Lamar*, 30 id. 629; *Mendocino Co.* v. *Morris*, 32 id. 148.)

There is no authority shown for using the name of the people. The law does not give it, and none can be presumed. (*People* v. *Pacheco*, 29 Cal. 213; *People* v. *County Judge*, 40 id. 480.)

THORNTON, J. :

This action was brought to enforce the lien of an assessment upon certain lands alleged to have been made for their reclamation. The complaint was demurred to upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. The Court below sustained the demurrer, and the plaintiff declining to amend, judgment was rendered for defendants. From this judgment plaintiff appealed.

On the argument it was contended that the complaint was defective in its averments as to the publication of the petition presented to the Board of Supervisors of Kern County, for the formation of a reclamation district, and as to the approval of the petition by the board just referred to. The averments referred to are as follows:

" That thereafter the said petition was published once a week for a period of more than four (4) weeks preceding the hearing hereinafter mentioned, viz., for a period beginning with the twenty-second (22nd) day of December, A. D. 1870, and ending on the twenty-fifth (25th) day of February, A. D. 1871, in the Havilah 'Weekly Courier,' a newspaper published once a week at Havilah, in the said county of Kern; that at the time said publication was going on, there was no newspaper in said Kern County which was published oftener than once a week; that immediately after said publication was completed as aforesaid, to wit, on the twenty-eighth (28th) day of February, A. D. 1871, the said petition was presented to the said Board of Supervisors, that is to say, was filed in their office and with the clerk of said board; and an affidavit of publication thereof, in the usual form, made by the publisher of the said newspaper, and showing that the said petition had been published in the manner hereinbefore set forth, was filed in the office of the said board, with the said petition and at the same time. That the said board was not in session at that time, and was not in session after that time until the month of May following.

" That at the next term of said board held after the publication of the petition was completed as aforesaid, and after the said petition and affidavit had been presented and filed as aforesaid, to wit, on the 2nd day of May, 1871, the said petition so presented and on file came up for a hearing before the said board, at a regular meeting thereof, and the said board then and there heard the same, and upon hearing and consideration thereof found the statement set forth in said petition to be correct and true, and that no land was improperly included in or excepted from said district; and that said board then and there made an order approving the said petition, which order was signed by the president of the said board and attested by the clerk thereof.

" That thereupon, to wit, on the 3rd day of May, 1871, the said petition was recorded by the county recorder of said Kern County, in a book which was kept in his office for the purpose of recording papers relating to reclamations of swamp and overflowed lands."

. The petition referred to is the initial proceeding in forming

a reclamation district. The statute under which this petition was presented to the Board of Supervisors, above mentioned (which is the Act of March 28th, 1868, Stats. of 1867–68, p. 507), requires that the petition "shall be published for four weeks next *preceding* the hearing thereof by the Board of Supervisors, and that if the board shall find, upon the hearing of the petition, that the statements therein set forth are correct, etc., they shall note their approval on the petition, which approval shall be signed by the president of the board and attested by the clerk." (Stats. 1867–68, §§ 30, 31, p. 515.)

It will be perceived from an examination of the averments of the complaint set forth above, that there is no allegation of the publication of the petition for *four* weeks *next preceding* the hearing. The hearing is stated to have been had on the 2nd day of May, 1871, and the publication made for a period beginning with the 22nd of December, 1870, and ending on the 25th of February, 1871, and that there is an entire absence of averment that the board noted their approval on the petition signed by the president of the board and attested by the clerk.

It is contended that in consequence of the lack of the averments just referred to, it does not appear from the complaint that the reclamation district was ever formed, and therefore that the other proceedings alleged were illegal and should not be regarded, inasmuch as it had no right to levy any assessment which ought to be enforced.

In answer to this, it is contended on behalf of appellant that the averments of the complaint show that the reclamation district is a corporation, and that the objections urged here by respondent should not be regarded, for the reason that these objections could only be availed of in a suit on behalf of the people of the State. To sustain this contention, *Dean* v. *Davis*, 51 Cal. 406, and *The People* v. *Reclamation District*, 53 id. 346, are cited.

If the district referred to in the complaint, and the matters averred in relation thereto, do not show it to be a corporation, this action cannot be maintained, and the demurrer was properly sustained.

Then, conceding it to be a corporation, can the action be maintained in the name of the people? The respondent argues

that the action cannot be thus maintained, and that it should have been brought in the name of the corporation. According to the provisions of the statute under which this district was formed, the duty was devolved on the district attorney of the county to proceed to collect the assessments when they became delinquent. This officer was required to proceed "in the same manner as is provided by law for the collection of State and county taxes." (See § 35 of Act of 1868; Stats. 1867–68, p. 516.)

This action was commenced under the Political Code. By § 3466 of the Code, the duty to proceed to collect delinquent assessments is devolved on the same officer. But the provision that the district attorney shall proceed in the same manner as is provided by law for the collection of State and county taxes is omitted in the section of the Political Code just referred to. According to the provisions of the Political Code which were in force when this action was brought, the assessments, when collected, were to be paid to the treasurer of the county, and this latter officer was required to place the same to the credit of the district. (See Pol. Code, § 3466, also § 3456; see also § 35 of the Act of 1868, Acts of 1868, p. 516.) The money so paid to the county treasurer is to be paid out only for the work of reclamation of the district. The law requires that every action must be prosecuted in the name of the real party in interest. (§ 367, Code Civ. Proc.) There are some exceptions to this general rule mentioned in § 369 of the Code of Civil Procedure to which we will hereafter refer.

Who is the real party in interest here? In our opinion, it is manifestly the reclamation district. The money, when collected by suit or paid by the persons assessed, is to go to the credit of the district, and to be paid out for the reclamation of the district. It is assessed, collected, and disbursed for the district —a district which we hold as a corporation is competent to sue.

In *The County of Mendocino* v. *Lamar*, 30 Cal. 628, the action upon a recognizance was held, properly brought in the name of the county, although the recognizance was made to the people of the State, on the ground that the money, when collected, went to the relief of the county. The Court, per Justice Shafter, in that case used the following language on the

point referred to : " The action is properly brought in the name
of the county. Where a defendant, convicted in a criminal
proceeding, is unable to pay the costs, or where he is acquitted,
the costs become a county charge; and all fines and forfeitures,
when collected in any court in this State, are to be applied to
the payment of the costs in which the fine was imposed, or in
which the forfeiture was incurred; and after such costs have
been paid, the residue is directed to be paid to the county
treasurer of the county in which the court is held. (1 Hit.
Dig. arts. 2266, 2281, 2282.) The county has a direct interest
in the collection of the amount due on the recognizance. If
collected, the county will be relieved of the necessity of raising
money for the payment of the costs by a resort to taxation;
and in the event of a surplus, the surplus will belong to it by
force of the legislative direction that it shall be paid into the
county treasury." (30 Cal. 629; see also *Mendocino County*
v. *Morris*, 32 id. 148.)

The exceptions above alluded to, from the rule requiring an
action to be prosecuted in the name of the real party in interest,
are those of an executor or administrator, or trustee of an ex-
press trust, or a person expressly authorized by statute, who, it
is provided by § 369 of the Code of Civil Procedure, " may sue
without joining with him the persons for whose benefit the ac-
tion is prosecuted." The people are not expressly authorized
by statute to sue in this case.

We are of opinion that the corporation—the reclamation
district—was the real party in interest within the rulings of
the cases above cited, and that the action should have been
brought in the name of the district. We think this objection
can be taken by a demurrer, on the ground that the complaint
does not state facts sufficient to constitute a cause of action.
(See *De Witt* v. *Chandler*, 11 Abb. Pr. 459.) The facts
stated in the complaint show no cause of action in favor of the
plaintiff against defendant, and in such case the general ground
is sufficient, the plaintiff having legal capacity to sue, but no
right to recover, if every fact averred is proved.

For the reasons above given the judgment is affirmed.

Ross, J., McKinstry, J., Myrick, J., Sharpstein, J.,
and McKee, J., concurred.