[No. 8,827. In Bank.—October 28, 1884.]

# RECLAMATION DISTRICT No. 108, RESPONDENT, *v.*
# GEORGE HAGAR, APPELLANT.

SWAMP LANDS—RECLAMATION DISTRICTS—CONSTITUTIONAL LAW.—The stat-
utes of this State, providing for the formation of s wamp land reclamation
districts, are not in conflict with the provision of the fourteenth amend-
ment to the Constitution of the United States, which declares that no State
shall deprive any person of life, liberty, or property without due process
of law.

ID.—ASSESSMENT—APPORTIONMENT.—The mode of assessment is a matter for
the legislature, and the courts will not interfere on the ground of an im-
proper apportionment or inequality of burden or benefit, unless there is a
palpable violation of private rights.

ID.—ASSESSMENT, HOW PAYABLE—GOLD COIN—INTEREST.—An assessment
may be made payable in gold coin, and interest may be collected thereon.

ID.—ADDITIONAL ASSESSMENT.—Where the original assessment proves inade-
quate, an additional assessment may be made.

ID.—ENFORCING ASSESSMENT—COUNSEL FEES—APPROPRIATION OF FUND.—It
is competent for the trustees of a reclamation district to appropriate a
portion of the fund arising from an assessment to the payment of special
counsel employed to enforce its collection.

ID.—FORMATION OF DISTRICT—LANDS IN DIFFERENT COUNTIES.—The board
of supervisors of a county may be empowered by the legislature to in-
clude within a reclamation district lands situated in another county.

ID.—ACTION TO ENFORCE ASSESSMENT—PARTIES—JUDGMENT.—In an action
to enforce an assessment for the reclamation of swamp lands, the recla-
mation district is the real party in interest; and where the action is brought
in the name of the district, a judgment in its favor, if otherwise valid, will
not be reversed on the ground that the action should have been brought in
the name of the people of the State.

ID.—ARKANSAS ACT.—It is not a defense to an action to recover an assess-
ment for reclamation purposes, that the State, by accepting the grant under
the Arkansas Act, assumed the burden of reclaiming the land, and there-
fore could not impose it upon the grantees of the State.

APPEAL from a judgment of the Superior Court of the coun-
ty of Colusa, and from an order refusing a new trial.

The plaintiff, a swamp land reclamation district, organized
under the Act of March 28th, 1868, brought this action to re-
cover assessments levied upon the land of defendant included
in the district.   The facts are sufficiently stated in the opinion
of the court.

*Belcher & Belcher,* for Appellant.

*W. B. Treadwell, Jackson Hatch,* and *A. C. Adams,* for Re-
spondent.

SHARPSTEIN, J.—This action was brought to recover of the defendant an assessment levied upon his land for reclamation.

1.   The statutes of this State relating to the formation of reclamation districts, and the levying of assessments, require that upon the presentation of a petition, setting forth a description of the lands of which it is desired to have the district formed, with the names of the owners (if known), notice of the hearing shall be given by publication.   After the formation of the district, no other or further notice to owners is required to be given; but proceedings are to be had for the election of trustees, making of by-laws, appointment of commissioners, the estimate of works and their cost, and the assessment of such cost upon the lands of the district ; and no time, place or manner is named for any opposition to be made.   If an assessment remains unpaid, provision was made for the bringing of an action against the delinquent owner.   The appellant claims that the statutes are in conflict with the fourteenth amendment of the Constitution of the United States.   Upon this point, the Supreme Court of the United States and this Court have decided adversely to the appellant.   (*Davidson* v. *New Orleans,* 96 U. S. 97 ; *Hager* v. *Rec. Dist.* No. 108, 111 U. S. 701; *Rec. Dist. No.* 3 v. *Goldman,* 65 Cal. 635.)

2.   Whether or not the mode of assessment was in accordance with proper apportionment, or equality of burden or benefit, was for the consideration of the legislative department, in the absence of a palpable violation of private rights.   (*Hagar* v. *Rec. Dist. No.* 108, 111 U. S. 701.)   In the case before us, we cannot say that the burdens to be borne were not equal in proportion to benefits.

3.   It is claimed that the law authorizing the assessment is in violation of section 10, article i, of the Constitution of the United States, forbidding the passage of any law impairing the obligation of contracts, on the ground that the State, in accepting the grant under the " Arkansas Act," assumed the burden of reclaiming the land, and cannot impose this burden upon its grantees.   The case of *Hagar* v. *Rec. Dist. No.* 108, *supra,* holds the contrary.

4.   There is nothing in the point that the assessment is sought to be enforced in gold coin.   (*Hager* v. *Rec. Dist. No.* 108, *supra.*)

5. A by-law adopted declared that " the trustees shall allow no indebtedness to accrue in excess of the amount of assessment levied." An indebtedness in excess of the first assessment accrued, and a subsequent assessment, was levied to pay such excess, with other expenditures. It is urged that the subsequent assessment is therefore void. Section 34 of the Act of 1868 authorized additional levies to be made, upon revised estimates, if the previous taxes should be insufficient. The by-laws authorized to be adopted were such as might be deemed necessary to effect the work of reclamation and keep the same in repair. By-laws could not have the effect of forbidding the doing of that which the law expressly authorized to be done.

6. After the levy of two assessments, which were found to be insufficient, a third assessment of $118,288 was levied. On the trial of this case, the defendant offered to prove that of the indebtedness of $118,288 (the amount of the third assessment), more than $10,000, and of the indebtedness of $192,046 (the amount of the second assessment), more than $15,000, had been paid by the trustees for the services of attorneys, other than the district attorneys of the counties of Yolo and Colusa, in the prosecution of actions in the courts of this State for the enforcement of the first and second assessments. This evidence was objected to on the ground, among others, that the nature of the indebtedness was necessarily determined by the trustees in their statement to the board of supervisors to have been proper, and such as the law contemplated, and by the board of supervisors in making the order for the assessment; and that neither the determination of the trustees nor that of the board of supervisors can be contradicted or impeached in this suit. The objection was sustained.

A like ruling was had upon a question asked, as to how much of the $118,288 had been paid for the expenses of procuring legislation in regard to the affairs of the district. That the ruling of the trial court was right, was decided by this court Nov. 29, 1879, in *Rec. Dist. No.* 108 v. *Howell*, No. 6348, and *Rec. Dist.* v. *Howell et al.*, No. 6346. See also *Rec. Dist.* v. *Hagar*, 6 Pac. C. L. J. 491, sustaining the same view.

7. The point that the assessment sought to be enforced in this action was not made by a municipal corporation, and was

therefore unconstitutional and void, is admitted by appellant to be adverse to the decision of this court in *Hagar* v. *Supervisors of Yolo County*, 47 Cal. 222; but we are asked to reconsider the question. We are not disposed to say that case is not correct.

8. The appellant claims that the assessment was void, because, under the law authorizing it, lands within the district belonging to the State as a private proprietor were required to be and were exempt from the assessment. We are not referred to anything in the transcript, showing that any lands in the district belonged to the State, nor that any lands were omitted from the assessment.

The complaint alleged that no lands in the district were unsold; and this allegation was found by the court to be true. The petition presented to the board of supervisors was accompanied by a schedule, giving a list of the lands of the proposed district, with the names of owners so far as known; and on the hearing of that petition the defendant Hagar, being present, admitted the truth of all the facts set forth therein.

9. The point that the legislature could not confer on the board of supervisors of one county the power to include within a district any lands within another county, is not well taken. (*Hagar* v. *Rec. Dist.* No. 108, *supra*.)

10. The Act of March 29, 1872 (Stats. 1871–72, p. 696), authorized the recovery of interest.

11. The assessment in question was valid, according to the provisions of the Act of March 28, 1868, as amended March 28, 1872. All of the requirements of that act, with respect to assessments, were met and performed, according to the averments of the complaint, which averments were by the court below found to be true. Upon the merits, therefore, the judgment appealed from is right. Must we reverse it only because it was brought in the name of the reclamation district, which, under every statute that has been passed with respect to the reclamation of lands, is the real party in interest? It is true, that it has been decided here that actions brought under and in pursuance of the provisions of the Act of 1868, were properly brought in the name of the people (*People* v. *Hagar*, 52 Cal. 171; *People* v. *Haggin*, 57 Cal. 579); and, further, that actions brought under and in pursuance of the provisions of the Political Code must

be commenced in the name of the reclamation district. (*People* v. *Haggin*, 57 Cal. 579.) The judgment in the case last mentioned was properly reversed, on the ground first discussed in the opinion. But here the case resolves itself into the simple question whether we must reverse the judgment, otherwise valid, only because it is brought in the name of the reclamation district, instead of the people, when, if the people were plaintiff, they would be merely formally so—the real party in interest all the time being the reclamation district. The legislature, by section 475 of the Code of Procedure, has declared that " the court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

Judgment and order affirmed.

Ross, J., concurred.

THORNTON, J., specially concurring.—I concur in the above, except what is said in relation to the last point discussed. I think that the Act of 1868 was repealed as far as regards this point by the one hundred and sixteenth section of the Act of March 30, 1874 (see amendments to the Codes for 1873–'74, 60) ; therefore the action was properly brought in the name of the reclamation district. (Pol. Code, § 3466 ; *People* v. *Haggin*, 57 Cal. 579.) The proceedings in regard to the assessment substantially followed the provisions of the Political Code.

I therefore concur in the judgment.

MCKINSTRY, J.—I concur. With respect to the action being brought in the name of the reclamation district, I add : The complaint contains a statement of facts constituting a cause of action, to enforce which the plaintiff (*quasi* a municipal corporation) is alone interested. It seems to be admitted that plaintiff is " the real party in interest," and the general rule is that an action must be brought in the name of the real party in interest. (C. C. P., § 367.) The statute has been construed as authorizing an action like the present to be commenced in the name of the people of the State. (*People* v. *Hagar*, 52 Cal. 171.) If it be conceded that the effect of the statute is to deprive plaintiff of its

capacity to sue in its own name, the objection to its legal capacity could only be taken by special demurrer. (C. C. P. §§ 430, 434.) Nor is *People* v. *Haggin*, 57 Cal. 579, to the contrary. In that case it was assumed that the action was commenced under the Political Code, and the Political Code does not authorize such an action to be prosecuted in the name of the people of the State.

MYRICK, J., and McKEE, J., dissenting.—We concur in the foregoing opinion in all respects, except as to the admissibility of evidence concerning the payment of attorneys' fees and for procuring legislation; in those respects, we think the evidence was admissible.

Rehearing denied.