[No. 11027.   Department One.—September, 26, 1885.]

RECLAMATION DISTRICT NO. 3, Appellant, *v.* E. R. PARVIN et al., Respondents.

Reclamation of Swamp Lands—Delinquent Assessment—Plaintiff in Action to Recover.—A reclamation district, as the real party in interest, may sue in its own name to recover delinquent assessments for the reclamation of swamp lands.

Id.—Viewing and Assessing by Commissioners.—Section 33 of the Act of March 28, 1868, requiring the commissioners to "jointly view and assess upon each and every acre to be reclaimed or benefited thereby a tax," etc., means that the three commissioners, acting jointly or together, shall view and assess, etc.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*H. L. Buckler,* and *G. W. Gordon,* for Appellant.

*McKune & George,* for Respondents.

BELCHER, C. C.—This is an action to recover a delinquent assessment upon certain lands situated in the reclamation district which is named as plaintiff. The defendants demurred to the complaint upon the ground that the action should have been brought in the name of the people of the State of California as plaintiff, and not in the name of the district, and upon the further ground that the complaint was ambiguous, unintelligible, and uncertain.

The court sustained the demurrer, and the plaintiff declining to amend, judgment was entered in favor of the defendants.

From this judgment the appeal is taken.

1. The plaintiff was organized as a reclamation district under the provisions of the "act to provide for the management and sale of the lands belonging to the State," approved March 28, 1868. Under this act delinquent assessments were to be collected " in the same manner as is provided by law for the collection of State and county taxes" (§ 35); and it has been held that actions to collect such assessments were properly brought in the name of the people as plaintiff. (*People* v. *Hagar,* 52 Cal. 171; *People* v. *Haggin,* 57 Cal. 579.) It has also been held, since the decision upon the demurrer in this case, that actions to collect such assessments may be maintained when brought in the name of the reclamation district as plaintiff, the district being the real party in interest. (*Reclamation District No.* 108 v. *Hagar,* 66 Cal. 54.)

That decision is decisive of the point now raised here.

2. The point that the complaint is ambiguous, unintelligible, and uncertain is not well taken. The statute (§ 33) required the commissioners to "jointly view and assess upon each and every acre to be reclaimed or benefited thereby a tax," etc.

The word "jointly" qualifies the words "view" and "assess,"

but it means only that the three commissioners, acting jointly or together, shall view and assess, etc.

The complaint alleges that the commissioners jointly viewed the lands in the district, and jointly assessed upon each and every acre to be reclaimed or benefited thereby the amount of the assessment in proportion to the whole expense, and to the benefits to result from the works of reclamation, and that they made a list showing the amount of the charges assessed against each tract of land in the district, with other necessary particulars.

This, we think, was sufficient.

It results that the judgment should be reversed and the cause remanded, with directions to the court below to overrule the demurrer.

SEARLS, C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer.

Hearing in Bank denied.