20 So.2d 467
**WHITE et al. v. POWELL et al.**

6 Div. 286.

Supreme Court of Alabama.

Dec. 14, 1944.

Rehearing Denied Jan. 25, 1945.

Arthur File, of Jasper, for appellants.

J. B. Powell, of Jasper, pro se, for appellees.

BROWN, Justice.

This is a proceeding under the Declaratory Judgment Act, Code 1940, Tit. 7, § 156 et seq., instituted in the Circuit Court of Walker County, sitting in equity. The bill is one filed by the members of the County Board of Revenue of Walker County and the County of Walker against appellees Powell, as Judge of the Juvenile Court, Johnson, Hamner, Stallworth, and Northcutt, members of the Walker County Board of Public Welfare, and Beasley.

The justiciable controversy is in respect to the validity of an alleged fixation of the amount of a salary and expense allowance to be paid a probation officer to be appointed by the Juvenile Court of Walker County as authorized by § 360, Tit. 13, Code 1940. Said section is in words as follows: "The juvenile court may appoint probation officers, who may be either men or women, of good moral character, intelligent and sympathetic with the aims and purposes of this chapter, from the candidates who have been certified by the state department of public welfare. The state department of public welfare shall pre-scribe reasonable standards of education, training and experience which must be attained by any applicant for the position of probation officer in any of the several juvenile courts of the state. The number of probation officers necessary for any juvenile court shall be determined by the judge and the advisory board or the county board of public welfare where established. The court of county commissioners, board of revenue, or other governing body of the county, shall pay such probation officers so appointed a reasonable salary to be determined by the judge, the advisory board, or county board of public welfare and the court of county commissioners, board of revenue, or other governing body of the county, acting jointly, but no paid probation officer shall be employed unless such probation officer shall have been certified by the state department of public welfare. * * *"

On August 18, 1944, Atkins, Johnson and Hamner, members of the county board of public welfare; White, Phifer, Scott and Williams, members of the board of revenue; and Powell, Judge of the Juvenile Court, met and sitting en masse voted to pass a resolution fixing the salary at $2700 per annum with an expense account of $50 per month. Powell, as Judge and three members of the board of public welfare and two members of the board of revenue cast affirmative votes, with two members of the board of revenue casting negative votes. On September 1, 1944, after the bill was filed, Johnston, Stallworth, Hamner, Northcutt and Powell "came before the board of revenue regarding the juvenile probation officer," and voted en masse on another resolution purporting to fix said salary and expense account. Six members of the board of public welfare and Powell, the Judge, and two members of the board of revenue cast affirmative votes; and two members of the board of revenue case negative votes.

The appellants contend that this course of procedure was not authorized, while the appellees contend that they acted within the power conferred by the statute. The court sustained the defendants' contention. Hence this appeal.

The Board of Revenue of Walker County was created by Local Act No. 232, approved July 31, 1935, Local Acts 1935, pp. 131–135, which provides: "Section 2. That said Board of Revenue shall consist of five members, one of whom shall be

chairman of said Board of Revenue. It shall be the duty of the Chairman to preside at all meetings, when he is present and each member shall have a vote on all questions; a majority shall constitute a quorum for the transaction of business and no business or Act which requires the sanction of the Board of Revenue can be authorized by less than a majority of the Board."

Section 10, Tit. 49, Code 1940, provides: "Each county board of public welfare shall consist of seven members, * * *. Said county board shall elect from its members à chairman and a secretary to serve at its pleasure. Said county board shall hold meetings under rules to be established by it in conformity with the regulations of the state board, and such additional meetings as may be called by the chairman. The presence of four members at any regular or special meeting shall constitute a quorum for the transaction of all business. * * *"

■ The power of fixation conferred is statutory and limited and will be strictly construed. It is conferred, as to Walker County, on the county board of revenue as such, and not on the individual members of the board. The same is true as to the board of public welfare, and the statute requires the fixation to be made by the judge of the juvenile court, the county board of public welfare, and the board of revenue ."acting jointly." Otherwise stated, the statute for this limited purpose creates three units, consisting of the judge, the county board of public welfare, and the board of revenue, each unit having one vote, and leaves to each of said boards to determine according to its own rules what vote it will cast.

■ The result turns upon the interpretation of the phrase "acting jointly" as used in said Section 360, quoted, above, and it is important to observe, that the legislature has made the appropriation requiring the county to pay such salary as may be fixed; the legislature has conferred on the state board of public welfare authority to determine who are qualified to serve as probation officers, and has conferred on the county welfare board, and the judge of the juvenile court the authority to determine the number of probation officers to be appointed.

To interpret this statute as authorizing the persons constituting the county board of public welfare, the judge of the juvenile court, and the county board of revenue to meet in a conglomerate mass, giving each of such persons a vote and allow a majority to control, the seven members of the welfare board could fix the amount of the salary and entirely ignore the wish or vote of the judge and the board of revenue, there being according to this view, thirteen votes possible with the members of the welfare board holding seven. To interpret the statute as authorizing a majority of the three units; two, to fix the amount of the salary, the welfare board and the judge could fix the amount of the salary without a vote of the board of revenue. If such was the legislative intent, why did it include the board of revenue at all?

The conclusion is inescapable that the welfare board and the judge of the court must agree on the number, and in the absence of such agreement, there can be no fixation of the amount.

The legislature did not provide that by a majority vote of the three units the amount of the salary could be fixed, nor is it provided that less than the whole constitutes a quorum, as it has done in respect to the county board of public welfare and the board of revenue.

The word "acting" here used is a participle. In its capacity as an adjective it modifies the noun "Judge" and the collective nouns "county welfare board" and "board of revenue," and in its capacity of a verb, in turn, it is modified by the adverb "jointly," connoting a legislative intent that the three units shall act in unison to the end of fixing the amount unanimously.

The word "jointly" according to Webster's New International Dictionary means, "In a joint manner; together, unitedly, not separately". "The word 'jointly' has a general meaning of plurality. More than one, both all and the like. It means in a joint manner in concert; in conjunction; not separately, together unitedly." 33 C.J. 875; 1 C.J.S., Act, p. 927; 23 Words and Phrases, Perm.Ed., p. 86. " 'Jointly' commonly means together and is defined as: In a joint manner; together; unitedly; in concert; not separately; in conjunction. * * * In re Haddock's Will, 170 App. Div. 26, 155 N.Y.S. 630, 632." See Reclamation Dist. No. 3, v. Parvin, 67 Cal. 501, 8 P. 43, 44.

There is nothing in the statute authorizing said three units to make an allowance

out of the county's funds for expenses of the probation officer, and no statute so authorizing has been cited or called to our attention. For reasons stated, we are of opinion that, the actions taken in the instant case are void and that the decree of the circuit court is laid in error.

The fact that this statute may be affected with "dead end" provisions which may prevent a selection of a probation officer and a fixation of a salary does not authorize its "judicial amendment." That is a matter committed by the constitution to the legislature.

The decree is, therefore, reversed, and one here rendered, declaring the action of said persons constituting said boards and the judge of the juvenile court, in attempting to fix the said salary and make allowance for expenses, to be null and void and without legal effect.

Reversed and rendered.

THOMAS, FOSTER, and STAKELY, JJ., concur.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur in all of the opinion except that part which holds that the three units must act unanimously in fixing the amount of the salary. As to that, they dissent.