RICHARD A. SCHWAB, Appellant, v. CAROLINE SCHWAB, Respondent, et al., Defendants.

Fourth Department, April 30, 1952.

*James A. Deckop* and *Charles J. Deckop* for appellant.

*Selby G. Smith* for respondent.

*Per Curiam.* The question here is the character of the estate conveyed by a deed which runs to two or more persons and describes, only in the introductory clause, the grantees " as joint tenants," but includes, in the granting and habendum clauses, the words, " unto the said parties of the second part, their heirs and assigns forever." In the case before us the grantees were two sons of the grantors and their respective wives. The grantees are described in the introductory clause as " Christian Schwab and Lena Schwab, his wife, Frank Schwab and Carolina Schwab, his wife, as joint tenants ".

We hold that the recitation in the granting and habendum clauses " the said parties of the second part, their heirs and assigns ", while not words which in and of themselves indicate a concept of survivorship, are not repugnant to the description of the grantees in the opening clause of the conveyance. The intention of the parties should be taken from the whole instrument, and every effort made by the court to reconcile apparently inconsistent clauses. (Real Property Law, § 240, subd. 3; 26 C. J. S., Deeds, § 128; 16 Am. Jur., Deeds, §§ 172, 173; *Perrin* v. *Harrington,* 146 App. Div. 292.) In the construction of deeds that which is most certain and most material should control. (*Thayer* v. *Finton,* 108 N. Y. 394.)

No specific words are required or necessary to rebut the presumption of a tenancy in common erected by section 66 of the Real Property Law, it being enough that a contrary intent be expressed in the instrument. (*Coster* v. *Lorillard,* 14 Wend. 265, 343; *Purdy* v. *Hayt,* 92 N. Y. 446; *Overheiser* v. *Lackey,* 207 N. Y. 229.)

The words " joint tenants " are in themselves unequivocal, and to fly in the face of such a plain statement would not only exalt form over substance, but would ignore the realities expressed in the obvious reference of the words " *said* parties " in the granting and habendum clauses.

As the instrument can be construed within its four corners, evidence of acts of the grantees after the conveyance had been

accomplished assumes no probative value. Nor does the fact that the four grantees are two husbands and their wives affect our decision in any way. Whether each husband and wife take as tenants by the entirety or each of them as an individual is not of importance here, as the estate created is a joint tenancy, whether it be between each of the four individual grantees or between each married couple as an entity.

The defendant Caroline Schwab being the sole survivor of the original grantees, it follows that the entire fee vests in her.

The judgment should be affirmed, with costs.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Judgment affirmed, with costs.