Dye, J.
The plaintiffs instituted this action to confirm their title to a parcel of land and for incidental relief in the nature of an injunction barring defendant therefrom and to compel defendant to remove a building allegedly unlawfully located thereon. The defendant denies the plaintiffs’ ownership and counterclaims for a judgment that the deed purporting to convey title to the disputed land, relied on by the plaintiffs, be declared null and void and that the title to the premises be confirmed in him. The controversy presents the somewhat unusual question of whether a deed, executed by a common grantor to convey one acre of land “ adjoining the premises now used ” by the plaintiffs’ mesne grantor, actually conveyed the acre of land now in dispute or merely conferred the right in the grantees to select an acre at some future time, which failed of its purpose because never validly exercised.
The one acre of land involved in this controversy is situated on the easterly side of the DeBuyter Beservoir in the Town of DeBuyter, Madison County, New York, and was originally a part of the ‘ ‘ Myron W. Coon ’ ’ farm, a tract of land containing 100 acres adjoining the reservoir.
The reservoir was constructed by the State of New York in about 1856 for the purpose of supplying water to the State canal system. Its outside boundary was established by a so-called blue line. The area within the blue line is never completely flooded so that there is always a strip of dry land between it and the water’s edge. Over the years private individuals have built and occupied summer cottages along the shore line thus created. Sometime prior to 1919, Clarence E. Coon had a summer cottage on a point of the State land extending into the reservoir. This was adjacent to the Coon farm and separated from it by the blue line.
On or about December 1, 1919 Sarah J. Coon, then the owner of the Coon farm, disposed of it by simultaneously executing *635 two deeds prepared by the same scrivener, one to Clarence E. Coon and the other to Jennie A. DeLamater, both of which were recorded in the Madison County Clerk’s office. The deed to Clarence E. Coon contained a description of the entire farm out of which the grantor Sarah J. Coon purported to convey to him a strip of land nine feet wide taken from the southerly edge thereof and extending from the highway to the reservoir with which, by the way, we are not concerned, and, in addition thereto, a parcel of land described as follows: ‘ ‘ Also one acre of land out of the above described premises, or so much thereof as the said party of the second part may require for a cottage lot and garden adjoining the premises now used and occupied by him upon the point extending into the lake.”
By deed of even date, Sarah J. Coon conveyed to Jennie A. DeLamater the balance of the farm, using the same description employed in the simultaneously executed deed to Clarence E. Coon and which referred to the lands conveyed therein in the following language: 1 ‘ Excepting and reserving therefrom a strip of land nine feet wide along this south line of the above described premises, and extending from the highway to the lake and cottage lot owned by Doctor Clarence E. Coon, together with once acre of land, or so much thereof as the said Doctor Clarence E. Coon may require for a cottage lot and garden adjoining the premises now used and occupied by him upon the point extending into the lake. The premises hereby reserved being the same premises heretofore conveyd by Sarah J. Coon to Clarence E. Coon, by quit claim deed dated December 1st, 1919.”
On July 28, 1923 Clarence E. Coon and his wife executed a deed to one Harold G-luek in which they conveyed to him the nine-foot strip, together with the one-acre parcel described as follows : ‘1 Also, ALL THE TRACT OR PARCEL OP LAUD, ImOWU and distinguished as about one (1) acre of land out of the above described ‘ Myron W. Coon property ’ bounded and described as follows, viz: On the south, west and north by property of the State of New York according to the blue line of the De Ruyter Reservoir, and joining on the east the above described ‘ Myron W. Coon property ’ of which the premises now conveyed were formerly the extreme southwest corner thereof.” This deed also recited that the premises conveyed were the same premises conveyed by Sarah J. Coon to Clarence E. Coon by deed dated *636 December 1,1919. It was duly recorded in the Madison County Clerk’s office.
On September 7, 1944 said Harold Gluck executed a deed to plaintiffs in which he purported to convey, by identical description, the same premises he acquired from Clarence E. Coon.
This defendant acquired his title through a series of mesne conveyances from Jennie A. DeLamater, the deeds in each instance containing the same description as that used by Sarah J. Coon to convey the farm to DeLamater which, as we have seen, excepted the nine-foot strip for a roadway together with “ one acre of land or so much thereof * * * adjoining the premises now used and occupied by him [Coon] upon the point extending into the lake ” and this was done, notwithstanding that the more particular description used by Clarence J. Coon in the deed to Gluck had been on record in the Madison County Clerk’s office since 1923, and which, indubitably, was intended to more specifically describe the one acre of land which had been excepted in each of the deeds executed by the common grantor. Under such circumstances, there is no reasonable basis for saying that the Gluck deed formed no part of defendant’s chain of title for all his predecessors in title, including DeLamater and the common grantor, had recognized that one acre had been excepted and at no time since the original conveyance by the common grantor had an attempt been subsequently made by anyone to convey the Coon farm free thereof.
The question of whether the Sarah J. Coon deed of 1919 is void need not detain us since the courts below have correctly held by implication, at least, that it was not, for it has always been the rule that the language of a deed must be so interpreted and applied as to be meaningful and valid (People ex rel. Myers v. Storms, 97 N. Y. 364) and that, in fact, Sarah J. Coon had granted to plaintiffs’ predecessors in title a valid right to select ‘1 one acre of land * # * or so much thereof * * * adjoining the premises now used ” since the intent of the parties as evidenced by the deed and the circumstances surrounding the making thereof must be given expression wherever it is possible to do so without violating law and reason (Jackson v. Marsh, 6 Cow. 281).
However, it seems clear that the courts erred, as a matter of law, when they defeated plaintiffs’ title by ruling that their *637 predecessor in interest, Clarence E. Coon, had made no valid selection. This is error, notwithstanding that the trial court found as a fact in reliance on parol testimony that plaintiffs’ predecessors never staked out or enclosed any garden or campsite and never personally notified defendant or his predecessors in title that the 1923 deed was intended to constitute the selection granted.
The defendant may not succeed on any .such basis. The plaintiffs do not claim title by adverse possession, nor have they made any attempt to establish their title by proof essential to such claim, nor do they need to. The documentary evidence relied on is legally sufficient. The respective mesne grantees, in all of their subsequent conveyances, have respectively repeated the identical descriptions employed by the common grantor in the original deeds. By such writings, the common grantor and grantees, Coon and DeLamater and their successors in interest must be deemed to have recognized and confirmed the sufficiency of those documents to convey a good and valid title to one acre of land “ adjoining the premises now used ”.
When so viewed, the 1923 deed was legally effective to constitute a valid selection. When it went on record in the Madison County Clerk’s office, it was constructive notice to all — including this defendant, his predecessors in interest and DeLamater — that one acre of land constituting the exception mentioned in the prior deeds was being conveyed to Gluck (Beal Property Law, § 291; Cambridge Val. Bank v. Delano, 48 N. Y. 326; 1 Warren’s Weed on N. Y. Beal Property [4th ed.], p. 893). Such conveyance may not be defeated on the theory that the right of selection conveyed by Sarah J. Coon to Clarence E. Coon was so limited by the words “ as the said party of the second part may require ” as to make it a right personal to him alone. To give that language such a construction is to disassociate it from the grant to bim and 1 ‘ his heirs and assigns forever”, of the “one acre of land” and otherwise render a grant in fee meaningless and without purpose; nor may the validity of the conveyance be defeated by belaboring the words “ require for a cottage lot and garden ” into words of condition and limitation. Conditions are not favored by the law and when not clearly expressed may not be construed by implication (Graves v. Deterling, 120 N. Y. 447).
*638 It is of no consequence that the plaintiffs, occupying the cottage on the point as summer residents, have not used the land as a garden or built a cottage thereon. The important fact is that the deed on which they rely and which the defendant would have us declare null and void, had been on public record for over 30 years and that during all of the intervening time the validity of that deed was never questioned until he undertook to develop the controverted lands into cottage lots over the protest of these plaintiffs.
The fact that the acre, as selected by the deed of 1923, was not in the shape of a square is likewise no ground for declaring the deed invalid. In the first place, the cases holding that the selection, when made pursuant to a deed which specifies a starting point, should be made in the shape of a square, invariably indicate that the rule is to be modified where — to select a square — would be impossible, inconvenient or contrary to the intentions of the grantor (139 A. L. R. Ann., pp. 1180-1188). An insistence on the application of the so-called square-acre method of selection would be inconvenient and substantially defeat the plain purpose of the conveyance which obviously was designed to afford the plaintiffs and their predecessors in title access to the waters of the reservoir. On the other hand, the selection — as made •—• had the practical effect of eliminating the irregularities in the blue line at the southwesterly edge of the farm, as well as confirming the intended purpose of affording access to the waters of the reservoir from other than the State-owned lands on which the cottage was located.
The judgment appealed from should be reversed, with costs.