Fbakk D. Paulo, S.
The petitioner, Harriet C. Bickerton, administratrix, with the will annexed, brings on this proceeding to construe the will of Anna R. Traynor, also known as Annie R. Traynor, deceased.
The decedent, Mrs. Traynor, at the time of her death was 89 years of age. The facts indicate that she executed her will eight days before her death. The testamentary instrument is written in longhand on a printed form. The decedent left her surviving Katherine Hornbuckle (designated in the will as Catherine Frances Hornbuckle), her daughter; Harriet C. Bickerton (designated in the will as Harriett C. Bickerton), a daughter; Eugene O’Neill, a son; and two children of another son who predeceased the testatrix.
The pertinent provisions of the will which require construction are paragraphs numbered ‘ ‘ Second ’ ’ and the subparagraphs thereunder, which road in part as follows:
11 Second: - I give, devise and bequeath to Mrs. Catherine Frances Hornbuckle and Mrs. Harriett C. Bickerton my interest in property on the corner of Prince and Mercer Street in New York City jointly.
“In case Mrs. Bickerton dies first, her interest will revert to Mrs. Hornbuckle.
‘ ‘ In case Mrs. Hornbuckle dies first her interest in said property will revert to her three children to share jointly.”
It is the opinion of the court that the first paragraph of paragraph “Second” of the will indicates an intent on the part of the testatrix to devise her interest in said premises to her two named daughters equally in fee as tenants in common. *401 The second and third subparagraphs of paragraph “ Second ” are construed by the court as a void attempt by the testatrix to impose limitations on the fee given in the first paragraph to her two daughters. (See Banzer v. Banzer 156 N. Y. 429; Trask v. Sturges 170 N. Y. 482.)
The conditions expressed in the second and third subparagraphs of paragraph “ Second ”, that is “In case Mrs. Bicker-ton dies first ” and “ In case Mrs. Hornbuckle dies first ”, were not intended by the testatrix as imposing a condition that the daughters named in the Will or either of them, survive the testatrix. When we consider the fact that testatrix at the time she executed her will was 89 years of age and died eight days after, it would appear that the testatrix was speaking of a sequence of death as between her two daughters after her own demise.
It is apparent that we have in this instrument a classic example of the testatrix seeking to control the disposition of her realty after having made an unconditional gift of the same realty in fee. Having made a complete disposition of her interest in the premises she could not, by subsequent paragraphs of paragraph “ Second ” of her will, make any further disposition. (See De Peyster v. Michael 6 N. Y. 467; Matter of Mazzone 281 N. Y. 139; motion for reargument denied 281 N. Y. 671.)
It is clear from an examination of the entire will that this instrument was drawn, not by a lawyer, but by a lay person. It is the court’s opinion that when the testatrix used the word “ jointly ” in the first paragraph of paragraph “ Second ” of her will, that she used it in the ordinary sense of ‘1 together ’ ’, rather than the technical meaning implying a joint tenancy. (Matter of Haddock 170 App. Div. 26; see, also, Real Property Law, § 66.)
The testatrix, by her will, has devised to her two daughters, Mrs. Hornbuckle and Mrs. Bickerton an undivided one-half share as tenants in common of her realty. The result reached by the court in this construction is concurred in by the report of the special guardian which has been filed.