Joseph M. Conroy, J.
This is a proceeding instituted by the committee of an incompetent, Josephine Buttonow, to dispose of the proceeds of the sale of two parcels of real property in which said incompetent had an interest.
In the absence of controversy, the proceeds from the sale of the first parcel, which was appraised at $1,800, go to the incompetent. The disposition of the proceeds of sale of the second parcel, however, requires further discussion.
*446 On November 13, 1952, the mother of the incompetent, Anelia M. Bakowski, deeded that parcel to “Anelia M. Bakowski, widow and Josephine Katherine Buttonow, married to Alexander and Alexander M. Buttonow, married to Josephine Katherine, Jointly, all of Port Jefferson Station, Long Island, New York”. On April 28, 1957, the mother died and by her last will and testament devised her interest, if any, in the premises to the incompetent. The will was admitted to probate on August 15, 1957. The marriage of the incompetent was annulled on July 30, 1964, and the committee petitions to sell her interest in the property.
The question presented in this proceeding is what interest the incompetent has in the proceeds of the sale of the subject real property.
The resolution of this question depends on the construction of the deed of November 13,1952.
The husband argues that the deed dated November 13, 1952, created a joint tenancy among the mother, the husband and the wife and that therefore upon the death of Anelia M. Bakowski the husband and wife became joint tenants in the entire parcel and, upon the annulment of the marriage, the joint tenant relationship became a tenancy in common and that therefore at that time the husband became owner of a one-half interest in the real property as tenant in common.
The committee of the incompetent argues that the deed created as to two thirds of the parcel a joint tenancy between the husband and the wife and, as to the remaining one third, a tenancy in common was created.
This court holds, however, for the reasons stated below, that the conveyance under consideration gave a one-half interest to the incompetent and her husband as tenants by the entirety and a one-half interest to the mother as tenant in common, which interest passed, upon the mother’s death, to her daughter, thereby giving the daughter, upon the annulment of her marriage, a three-fourths share of the property.
The intent of the parties as manifested in the language of the deed is the critical factor in determining its meaning. (Lipton v. Bruce, 1 N Y 2d 631; Schwab v. Schwab, 280 App. Div. 139.)
The language contained in the deed under consideration, however, is subject to conflicting interpretations. It can be argued that the designating therein of Alexander M. Buttonow and Josephine Buttonow as husband and wife is indicative of an intention to vest in them a tenancy by the entirety since .such a designation is held probative of such an intent. The language contained in the deed is also susceptible to the interpretation *447 that the separation of the gifts to Anelia and the gift to her daughter and son-in-law by the word “and” indicates an intention to apply the term “jointly” only to the gift of the latter two.
The husband argues that the use of the word “jointly” in the deed obligates this court to hold that a joint tenancy was created between the three grantees. This court does not agree. The courts of this State have held that the use of the word “ jointly” in a deed is not in and of itself sufficient to create a joint tenancy. For example, in Matter of Traynor (34 Misc 2d 399, 400) the court construed a devise to “Mrs. Catherine Frances Ilornbuelde and Mrs. Harriett C. Biekerton ” of the decedent’s “interest in property on the corner of Prince and Mercer Street in New York City jointly” to create a tenancy in common. The court found that the word “ jointly ” was used in its common untechnical meaning to express the grantor’s desire for some type of concurrent ownership rather than to create a joint tenancy with a right of survivorship. (See, also, Matter of Haddock, 170 App. Div. 26.)
In Overheiser v. Lackey (207 N. Y. 229, 231) the Court of Appeals construed a devise to “ Eliza Jane Marsh and Hester Marsh, jointly” and stated (p. 233) that an important factor: “ Where a doubt arises, as in the case at bar, as to the intent of a devisor in using the word ‘ jointly,’ the courts have sought aid in solving the ambiguity by inquiring whether the instrument of devise was prepared by a lawyer familiar with the technical distinctions between different kinds of estates or by a layman who cannot be presumed to have had any such knowledge.” The document at bar, even though apparently prepared by a lawyer, should not fall within the ambit of this rule since the court is constrained to state that the document, itself, is poorly drafted. Therefore, the use of the word “jointly ” does not foreclose the court’s inquiry into the type of tenancy created. This more so applies since the gift to the mother and the gift to the daughter and son-in-law are separated by the word “ and ” and the word “ jointly ” could have been meant to apply only to the gift to the latter.
Since the language of the grant is far from clear, the instrument must be considered in light of two basic principles. The first is contained in section 66 of the Real Property Law which states: ‘ ‘ Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but every estate, vested in executors or trustees as such, shall be held by them in joint tenancy.” This section, however, has no application to grants *448 in the name of a husband and his wife. As to grants to them, even in the absence of a designation of the parties as husband and wife, there is a strong presumption that the conveyance of land creates a tenancy by the entirety. (Matter of Squires, 208 Misc. 856.)
The operation of these two principles indicates that as to that part of the grant which contains a gift to the daughter and the son-in-law, there is a presumption that the grantor intended as to them to create a tenancy of the entirety, but as to the gift to the mother there is a strong presumption that a tenancy in common was intended.
The case of Bartholomew v. Marshall (257 App. Div. 1060) is persuasive since the grant involved is similar, though not exactly the same, as the grant in the case at bar. In that case the court construed a devise to “Ada Baker (Marshall), Nina Cummings and Frank Cummings ” and stated (p. 1061): “ When real property is conveyed to a husband and wife and a third person, the husband and wife have one moiety as tenants by the entirety, and the third person is a tenant in common with them of the other.” (See, also, 4 Powell, Real Property, par. 622.)
The decision in the Bartholomew case (supra), coupled with the doctrine that the use of the word “ jointly ” does not in and of itself create a joint tenancy, indicates that a tenancy in common was created as to one half of the real property granted to the mother and a tenancy by the entirety as to that half granted to the daughter and son-in-law. Therefore, since the mother was a tenant in common as to half of the property, on her death her share passed by testamentary disposition to her daughter who became the owner of the mother’s half as a tenant in common and, thereafter, the annulment of the daughter’s marriage terminated the tenancy by the entirety created with respect to the other half of the property, leaving the daughter, at the time of the annulment of her marriage, with a three-quarter share of the parcel. The holding that the original grant gave the mother one half of the parcel and not one third is based on the common-law idea that a grant to husband and wife is really a grant to one of them since at common law, husband and wife are considered as one. Moreover, this result is compelled by the decision in Bartholomew (supra).
Accordingly, three fourths of the proceeds of the sale of the second parcel should be distributed to the estate of the incompetent since she obtained one half of the parcel as a legatee of her mother’s interest and obtained another quarter upon the dissolution of the tenancy by the entirety.