Mario Pittoni, J.
Motion by plaintiff pursuant to CPLR 3211 (subd. [b]) and CPLR 3212. Cross motion by defendants pursuant to CPLR 3212.
The action is for the partition of real property in the Town of Huntington, Suffolk County. Plaintiff and defendant Jenny Kurpiel are husband and wife. Defendant Edward Kurpiel is their son. Prior to June 1, 1955, plaintiff was the sole owner of the property involved. On June 1, 1955, plaintiff conveyed the parcel by deed to “Joseph Kurpiel, Jenny Kurpiel and Edward Kurpiel all residing at 1481 Seamans Neck Boad, Seaford, Nassau County, New York, jointly and not as tenants in common. ’ ’
In addition to denying that the parties by this conveyance were joint tenants, defendants plead two defenses. The first is that plaintiff may not maintain the action because plaintiff has neither actual nor constructive possession of the property— defendant Jenny Kurpiel allegedly having been awarded exclusive possession of the premises by an order of the Family Court of the County of Suffolk on November 17, 196=5. The second is that plaintiff and defendant Jenny Kurpiel are tenants by the entirety of an undivided one half of the premises and as a tenant by the entirety, plaintiff may not maintain the action.
*605 As to the first defense, the order of the Family Court dated November 17, 1965 merely directed plaintiff to “stay away from the petitioner [Jennie Kurpiel] and the family home at all times until further order of the court. ” The Family Court did not have jurisdiction to determine (Family Ct. Act, § 842) nor have before it the question of ownership or the right of possession and it made no attempt to pass upon that issue in its order. Second, even though defendants as cotenants are in actual possession plaintiff, by reason of his record title, has a right to possession which entitles him to maintain a partition action (Willis v. Sterling, 224 App. Div. 647, 650).
The second defense is also without merit. The deed was prepared by an attorney. It expressly states that the named grantees were to take jointly. The authorities upon which the defendants rely (Overheiser v. Lackey, 207 N. Y. 229; Matter of Snell, 173 Misc. 282; Matter of Traynor, 34 Misc 2d 399) are not applicable. In Overheiser a testator gave and devised “ ‘ to my daughters Eliza Jane Marsh and Hester Marsh, jointly, the lot of land ’ ’ ’ etc. and the court noted that as the will was not prepared by a lawyer familiar with the technical distinctions between different kinds of estates the word “ jointly ” was not used in a technical sense to express the intent of creating “ a joint tenancy to negative the presumption established by our statute that a tenancy in common was intended” (p. 237). Again in Snell (supra), it was noted that the will was prepared by a layman and therefore the use of the word “ jointly ” was insufficient to overcome the presumption that a tenancy in common was intended. Likewise, in Traynor (supra), the will was prepared by a layman. Here, as stated at the outset, the deed was prepared by an attorney. In addition, defendants do not contend that the tenancy in common presumed by the statute (Real Property Law, § 66) was created as to all the grantees, but rather that as to Joseph and Jenny Kurpiel a tenancy by the entirety was created of a one-half interest in property, with Edward Kurpiel the owner as joint tenant of the other one-half interest. Were the words “ jointly and not as tenants in common ” omitted from the deed, the conclusion that husband and wife held one half by the entirety and that their son was a tenant in common with them of the other half would be sound (Bartholomew v. Marshall, 257 App. Div. 1060). The conveyance here however is similar to that discussed in Jooss v. Fey (129 N. Y. 17), There, the habendum clause was to the grantees “ as joint tenants and not as tenants in common” and the court held those words clearly expressed the intent that the grantees held as joint tenants and not as tenants by the entirety. The mere *606 fact that in place of the words “ joint tenants ” of the Jooss case, the word “ jointly ” is used in the subject deed does not make the intent of the grantor less clearly expressed. Moreover, even if the words were absent from the subject deed which show the intent of the grantor, a partition action would still lie (Deegan v. Deegan, 247 App. Div. 340) because the husband and wife would only be the owners of a one-half interest. However, I hold, upon the basis of the expressed intent in the deed and upon the legal authorities, that the grantees were joint tenants, with each having a present one-third interest in the property. Matter of Buttonow (49 Misc 2d 445), cited by defendants, is distinguishable, for the words of the grant differ; the conveyance was from a third party to husband and wife creating a presumption of a tenancy by the entirety which is not present on a conveyance from a husband to himself and his wife (Matter of Klatzl, 216 N. Y. 83), and the deed, although prepared by an attorney, was according to Justice Conroy “poorly drafted.” Accordingly plaintiff’s motions are granted. Cross motion is denied.