OPINION OF THE COURT
Joan B. Lefkowitz, J.
Plaintiff sues for a declaration of rights that he is a joint tenánt of certain real property, entitled to 50% of the proceeds of any sale and for partition and sale. Plaintiff and his wife, Ines, who died January 10, 1995, are grantees of the subject real property along with defendants, who are the daughter of plaintiff and son-in-law, respectively. The deed into the grantees, dated October 15, 1981, from one Claire Nichols, states in the granting clause to "Rinaldo Prario and Ines Prario, His wife * * * and Guy P. Novo and Celia P. Novo, His wife * * * the Prarios and the Novos to take as joint tenants with right of survivorship, among all four of said individuals”.
*611 Plaintiff urges that the grant into himself and wife constituted a tenancy by the entirety and that he is now seized of a one-half interest in the property. Defendants argue that the intent of the parties was that the survivor would succeed to the interests of those who predeceased him or her, that plaintiff presently owns a one-third interest and that an oral agreement not to partition during the lifetimes of the grantees was made. Plaintiff moves for summary judgment. Defendants cross-move for sanctions.
While it is true that an agreement not to partition is a valid defense to a partition action (McNally v McNally, 129 AD2d 686 [2d Dept 1987]), if, as here, the agreement is not in writing, its enforcement is barred by the Statute of Frauds. (General Obligations Law § 5-703 [1]; Smith v Smith, 214 App Div 383 [3d Dept 1925]; Steinberg v Singer, 5 Misc 2d 278 [Sup Ct, Kings County 1957]; Casolo v Nardella, 193 Misc 378 [Sup Ct, Sara-toga County 1948], affd 275 App Div 502 [3d Dept 1949], appeal dismissed 300 NY 549 [1949]; 14 Carmody-Wait 2d, NY Prac § 91:91; Annotation, Right to Judicial Partition-Contract, 37 ALR3d 962, 973-974; 3A Warren’s Weed, New York Real Property, Partition, § 2.04.)
A grant of real property to a husband and wife creates a tenancy by the entirety "unless expressly declared to be a joint tenancy or tenancy in common”. (EPTL 6-2.2 [b].) A joint tenancy is subject to partition during the lifetimes of the joint tenants (24 NY Jur 2d, Cotenancy and Partition, § 33; 3A Warren’s Weed, New York Real Property, Partition, § 3.03; 2A Warren’s Weed, New York Real Property, Joint Tenants, § 4.01) whereas a tenancy by the entirety cannot be divided absent consent of both spouses or upon a divorce (24 NY Jur 2d, Cotenancy and Partition, §§ 38, 56; 3A Warren’s Weed, op. cit., § 3.12).
A tenancy by the entirety can only be created in real property by grant to husband and wife and means that the married couple take title as one person and the right of survivorship inheres from the original grant. (Matter of Klatzl, 216 NY 83, 86-87 [1915]; Bertles v Nunan, 92 NY 152 [1883]; 5A Warren’s Weed, New York Real Property, Tenancy By Entirety, §§ 1.01, 1.02, 1.05, 2.02.) The tenancy by the entirety can be changed by voluntary act of the couple, divorce or death. A joint tenancy creates a right of survivorship. (2A Warren’s Weed, New York Real Property, Joint Tenants, § 1.03.) It, however, can be changed by conveyance or partition without the assent of other joint tenants.
*612 A grant to grantees as husband and wife and also to a third or additional persons creates a tenancy by the entirety as to the husband and wife and a tenancy in common as to the other grantees. (Bartholomew v Marshall, 257 App Div 1060 [3d Dept 1939]; Price v Pestka, 54 App Div 59 [2d Dept 1900]; 24 NY Jur 2d, Cotenancy and Partition, § 46.) A grant to a husband and wife that says as joint tenants and not as tenants in common creates a joint tenancy and not a tenancy by the entirety. (Jooss v Fey, 129 NY 17 [1891].) A grant to two married couples as tenants by the entirety results in two tenancies by the entirety, with each couple owning one half. (Price v Pestka, 54 App Div 59, supra.) A grant to a married couple and third person jointly and not as tenants in common creates a joint tenancy with each person having a one-third interest. (Kurpiel v Kurpiel, 50 Misc 2d 604 [Sup Ct, Nassau County 1966].) But a grant to a married couple and third person jointly has been held to create a tenancy by the entirety with a one-half interest and joint tenant with a one-half interest. (Matter of Buttonow, 49 Misc 2d 445 [Sup Ct, Queens County 1966].) In Schwab v Schwab (280 App Div 139 [4th Dept 1952]) a grant to four persons, two sets of married individuals, as joint tenants was held to create a joint tenancy in an action by the heir of one of the three deceased joint tenants against the survivor (record on appeal, No. 899, 4th Dept, Sup Ct Library, White Plains). The Court declared the survivor to be the owner of the full interest. However, the Court did not have to answer whether each set of married persons took as tenants by the entirety as that determination was not necessary to the decision (280 App Div, supra, at 141).
The "language in a deed must be so interpreted and applied as to be meaningful and valid”. (Lipton v Bruce, 1 NY2d 631, 636 [1956]; Real Property Law § 240 [3].) Generally, the interests obtained from the deed are construed in accordance with the language contained in the instrument and paroi proof is inadmissible to vary or contradict its terms. (43A NY Jur 2d, Deeds, § 212.)
Plaintiff urges that any factual issues can be dealt with after the sale of the property with adjustments made in an accounting. (Goldberg v Goldberg, 173 AD2d 679 [2d Dept 1991]; 24 NY Jur 2d, Cotenancy and Partition, §§ 242-247.) This result, of course, begs the issue of what interest the plaintiff actually holds and does not take into account the fact that the defendants and their teenage son reside at the premises. Plaintiff and his deceased wife, while alive, also resided at the *613 premises from the date of purchase. Plaintiff no longer resides at the subject property. The parties sharply dispute the monetary amount of their contributions over the years.
While the language in the deed under review is subject to differing interpretations as to whether two tenancy by the entireties were created or four joint tenancies, the court concludes that what was created by the terms of the deed was a joint tenancy among all four persons. This is clearly demonstrated by use of the phrase "as joint tenants with right of survivorship, among all four of said individuals” (emphasis added). (Jooss v Fey, 129 NY 17, supra; Schwab v Schwab, 280 App Div 139, supra; Kurpiel v Kurpiel, 50 Misc 2d 604, supra; EPTL 6-2.2 [b].) Therefore, no triable issue of fact exists as to the meaning of the language in the deed. Consequently, plaintiff is declared the owner as joint tenant of a one-third interest and the defendants as owners of a two-third’s interest as joint tenants.
Plaintiff, therefore, is entitled to maintain this action for partition. (RPAPL 901 [1].) Defendants do not oppose upon the ground of "great prejudice to the owners”. (Ibid.) However, rather than grant partition outright with an accounting to follow, the court believes it would be more equitable and fair to appoint a Referee to hear and report on the computations involved prior to any actual sale. The order hereon shall provide for such appointment and the Referee’s fee is fixed at $210 per hour to be paid one third by each party. (CPLR 4321 [1]; 8003 [a]; Pepe v Miller & Miller Consulting Activities, 221 AD2d 512 [2d Dept 1995]; Zamir v Rottenstein, 166 Misc 2d 45 [Sup Ct, Rockland County 1995].) The Referee shall have all of the powers set forth in CPLR 3104 (c).
The Referee shall also make inquiry as to creditors. (RPAPL 913.) The real property is subject to a mortgage which should be paid off on partition. Therefore, while not necessary to obtain a judgment on partition, it is desirable for the mortgagee to be made a party herein (RPAPL 904 [1]), so as to render title marketable at the partition sale if the lien extends to the entire property. (3A Warren’s Weed, New York Real Property, Partition, §§ 5.27, 7.07 [assumes that notice of pendency filed]; 14 Carmody-Wait 2d, NY Prac § 91:63.)
The order hereon shall provide for adding the mortgagee as a party defendant (CPLR 1003), with service of the pleadings and a copy of the order with notice of entry to be made on the *614 mortgagee within 30 days after entry and filing of proof of service in due course.
The motion is granted to the extent indicated herein and is otherwise denied. The cross motion is denied.