OPINION OF THE COURT
Alan L. Lebowitz, J.
Plaintiff’s motion to disqualify the defendants’ counsel Gaines and Fishier, Esqs., from serving as counsel for the defendants in this matter and for summary judgment is decided in accordance with the decision/order below.
This action is essentially a family dispute over the ownership of a piece of real property located at 28 Jones Street, Staten Island. Helen Brostrom owned the premises with her late husband as tenants by the entirety until her husband’s death when she became the sole owner. On March 14, 1989 she executed a deed transferring the premises from herself to “Helen Brostrom, Charles T. Bell and Barbara Bell, his wife, as joint tenants with the right of survivorship, all residing at 28 Jones Street, Staten Island, New York.” Thereafter, on October 16, 1995 Helen Brostrom executed another deed whereby she transferred her interest in the subject premises to her other daughter Cynthia Pattelli, who is the executrix of Helen Brostrom’s estate as indicated in this action’s caption.
The complaint, filed by Cynthia Pattelli and Helen Brostrom in or about January 1996 prior to Mrs. Brostrom’s death, alleges that Mrs. Brostrom intended to transfer a one-half interest in the premises to her daughter Barbara and her son-in-law Charles and that their relationship was to be that of *277 tenánts in common and not joint tenants. Further, that she relied upon the representations of the defendants and their attorney and therefore did not hire her own attorney to help with the transfer. Ultimately, and allegedly unbeknownst to Mrs. Brostrom, the 1989 deed was drafted whereby she transferred a partial interest in the premises creating a joint tenancy and not a tenancy in common. The complaint seeks a reformation on the 1989 deed to reflect Mrs. Brostrom’s true intention and further for partition.
Initially, the court must set the legal tenancy created by the 1989 deed’s granting clause. The granting clause, as set forth above, created a joint tenancy between Helen Brostrom, owning a one-half interest in the premises, and Charles T. Bell and Barbara Bell, his wife, owning a one-half interest as tenants by the entirety. It did not, as the parties incorrectly reflect in their motion papers, create a joint tenancy whereby each person owned a third all as joint tenants between one another. The language in the granting clause setting forth “Charles T. Bell and Barbara Bell, his wife” created a tenancy by the entirety because there is no language to the contrary (see, Prario v Novo, 168 Misc 2d 610; Matter of Buttonow, 49 Misc 2d 445). For a conveyance to a husband and wife to create a tenancy other than one by the entirety, there must be specific language stating otherwise (see, id.; 24 NY Jur 2d, Cotenancy and Partition, § 46), which the 1989 deed’s granting clause does not so contain. If, on the other hand, the granting clause stated that they were to take “ ‘as joint tenants with right of survivorship, among all [three] of said individuals,’ ” then a three-way joint tenancy would have been created giving the word “all” significance (Prario v Novo, supra, at 613; see, Tedesco v Tedesco, 269 AD2d 660).
By the instant motion, plaintiff seeks an order declaring plaintiff Cynthia Pattelli an owner of the premises pursuant to the October 1995 deed. Defendants, on the other hand, allege that the October 1995 deed is invalid and unenforceable due to an oral agreement they had with Helen Brostrom. Defendants argue that Mrs. Brostrom executed the 1989 deed and orally agreed with defendants that they would make repairs and improvements at their own expense and in return receive not only an interest in the premises but also the right of survivor-ship so that upon her death they would be the sole owners. No other consideration is alleged to have been exchanged. The only proof submitted in support of the alleged oral agreement is an affidavit of Barbara Bell wherein she sets forth the *278 substance of the alleged agreement and states that between 1989 and 1995 the defendants spent approximately $70,000 on repairs and improvements. No other proof is offered.
The alleged oral agreement is one for an interest in real property and thus falls within the purview of the Statute of Frauds which holds that “[a]n oral agreement to convey an estate or interest in real property, other than a lease for a term not exceeding one year, is nugatory and unenforceable,” and “[a] party to the agreement may legally and rightfully refuse to recognize or perform it” (Woolley v Stewart, 222 NY 347, 350-351; see, General Obligations Law § 5-703). To circumvent the Statute of Frauds defendants assert the doctrine of part performance. Part performance “is based on principles of equity, and, specifically, recognition of the fact that it would be a fraud to allow one party to a real estate transaction to escape performance after permitting the other party to perform in reliance on the agreement” (Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235; see General Obligations Law § 5-703 [4]). Part performance alone is not enough. “There must be performance ‘unequivocally referable’ to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing” (Burns v McCormick, 233 NY 230, 232). “What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done” (id.).
Here, the promise — the grant of a right of survivorship— may give significance to defendants’ motivation to improve and repair the premises. It is not, however, unequivocally referable to the agreement as there are other motivations which may explain why defendants so acted. For example, other than the improvements, there was no consideration for the transfer of ownership and the parties may have agreed that defendants make the repairs and improvements in return for their ownership interest. Or Mrs. Brostrom may have transferred the premises to her daughter and son-in-law so that they would have a place to reside and partially own while simultaneously providing Mrs. Brostrom companionship and security. Consequently, defendants have not demonstrated a basis for the application of the part performance exception to the Statute of Frauds. Thus, the alleged agreement is unenforceable and will not be given effect.
Pursuant to Real Property Law § 240-c a joint tenancy may be unilaterally severed without the consent of any non- *279 severing joint tenant by the “[execution and delivery of a deed that conveys legal title to the severing joint tenant’s interest to a third person” (Real Property Law § 240-c [1] [a]). Further, such severance does not terminate the right of survivorship of the nonsevering joint tenant (Real Property Law § 240-c [2]). Therefore, the 1995 deed severed the joint tenancy creating a tenancy in common between Cynthia Pattelli, owning a one-half interest in the premises, and Charles T. Bell and Barbara Bell, his wife, as tenants by the entirety, owning the other one-half interest.
Accordingly, it is ordered that the portion of plaintiffs motion seeking to disqualify the defendants’ counsel Gaines and Fishier, Esqs., from serving as counsel for the defendants in this matter is moot because Gaines and Fishier, Esqs., are no longer the attorneys of record for defendants; and it is further ordered that plaintiffs motion for summary judgment on the issue of plaintiffs percentage of ownership of the premises is granted to the extent that plaintiff Cynthia Pattelli is currently the owner of one half of the premises located at 28 Jones Street, Staten Island, pursuant to the deed dated October 16, 1995 and is a tenant in common with Charles T. Bell and Barbara Bell, his wife, who are tenants by the entirety owning the other one-half interest in the premises; and it is further ordered that the parties are to appear before the undersigned on Thursday, March 1, 2001, at 9:30 a.m. for a certification conference at the Supreme Court, Richmond County — The Homeport, DCM Part 5.