■ In the Matter of the Estate of MARY T. FLAHERTY, Deceased. KATHLEEN E. FAGAN, as Executor of MARY T. FLAHERTY, Deceased, Appellant; CHARLES W. JOSTEN et al., Respondents. [883 NYS2d 812]—

Garry, J. Appeal from an order of the Surrogate's Court (Work, S.), entered July 10, 2008 in Ulster County, which granted respondents' motion for summary judgment dismissing the petition.

Decedent was the mother of four daughters, one of whom is petitioner, the executor of her estate, and another of whom is respondent Mary M. Josten, who is married to respondent Charles W. Josten. In 1993, decedent and respondents purchased real property located in the Village of New Paltz, Ulster County, by a deed that granted the property to "[respondents], Husband and wife, as to a one-half interest and as joint tenants with rights of survivorship with [decedent] as to a one-half interest." Respondents subsequently lived in one apartment of a two-family residence on the property, and decedent lived in the other apartment together with her adult disabled daughter. Upon her death in August 2007, decedent's will was admitted to probate and letters testamentary were issued to petitioner. Under the will, decedent made cash bequests to three of her daughters and left the residue to be held in trust for the benefit of the disabled daughter. The will further named petitioner as both executor and trustee.

Petitioner commenced this proceeding seeking a determination that decedent was the owner in fee of a one-half interest in the property as a tenant in common, so that her interest, which was allegedly her primary asset, passed under the will's residuary clause to fund the trust. Respondents contended that the real property passed to them as joint tenants with rights of survivorship. Respondents moved, and petitioner cross-moved, for summary judgment. Surrogate's Court granted respondents' motion and dismissed the petition. Petitioner now appeals, with the support of the disabled daughter's guardian ad litem.

The "language of a deed must be so interpreted and applied as to be meaningful and valid" (*Lipton v Bruce*, 1 NY2d 631, 636 [1956]). The meaning of the deed is to be determined from its language, and extrinsic evidence may be taken into account only when that language is ambiguous (*see Matzell v Distaola*, 105 AD2d 500, 501-502 [1984], *lv denied* 64 NY2d 608 [1985]).

In a careful analysis of the language of the deed, Surrogate's Court concluded that construction of its express terms required a finding, as a matter of law without resort to any extrinsic evidence, "that the deed grants a tenancy by the entirety to [respondents], a married couple, as an entity, with a one-half interest in the property, and expressly declares that [respondents], as an entity, and decedent are joint tenants with rights of survivorship in a one-half interest." We find no flaw in this

analysis (*see Pattelli v Bell*, 187 Misc 2d 275, 276-277 [2001]; *see also Prario v Novo*, 168 Misc 2d 610, 613 [1996]; *Matter of Buttonow*, 49 Misc 2d 445, 446-448 [1966]). The court gave proper effect to the words of the instrument, looking to all the words set forth therein to determine the parties' intent, and giving full effect to all of the language, without rendering any of the express terms meaningless (*see Tedesco v Tedesco*, 269 AD2d 660, 660-661 [2000], *lv dismissed* 95 NY2d 791 [2000]; *Crawley v Shelby*, 37 AD2d 673, 673-674 [1971], *lv denied* 29 NY2d 487 [1971]). The express terms of the grant are sufficient to overcome the presumption of a tenancy in common (*see* EPTL 6-2.2 [a]; *Estate of Menon v Menon*, 303 AD2d 622, 623 [2003]). Accordingly, summary judgment was properly granted to respondents.

Mercure, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.