[905 NYS2d 871]

LILLIAN MARCI et al., Plaintiffs, v GEORGE H. SWIERS et al., Defendants.

Supreme Court, Saratoga County, July 14, 2010

## APPEARANCES OF COUNSEL

*Tully Rinckey P.L.L.C.*, Albany, for plaintiffs. *Donald M. Matusik*, Saratoga Springs, for George H. Swiers and another, defendants.

## OPINION OF THE COURT

Thomas D. Nolan, Jr., J.

This action is one of several arising from disputes among siblings principally over the assets and real property of their deceased parents, George W. Swiers and Aglae L. Swiers.[1]

## Background

Their parents' main asset was a single-family residence at 202 Regent Street in the City of Saratoga Springs where the parents had lived for decades. Prior to 2003, sons, George H. Swiers (George) and Conrad Swiers (Conrad), regularly visited and assisted their parents, then in their 80s and no longer able to drive an automobile. In June 2003, daughter, Lillian Marci (Lillian), moved from New Hampshire to Saratoga Springs to provide full-time care for her parents. On October 2, 2003, George W. Swiers died. On October 29, 2003, Mrs. Swiers executed a power of attorney appointing her son George as her attorney-in-fact and a health care proxy appointing her daughter Lillian. In a 2003 will, Mrs. Swiers purportedly left her residuary estate to her five children, equally. By deed dated October 29, 2003, she conveyed the Regent Street property to George, Conrad, and herself as joint tenants. Sometime thereafter, according to George and Conrad, Lillian allegedly began restricting their and their respective families' access to Mrs. Swiers. According to Lillian, in September 2005, George and Conrad discussed with their mother the possibility of Conrad borrowing $50,000 and securing the loan with a mortgage on the Regent Street property. Again according to Lillian, Mrs. Swiers declined because she worried that she could lose the house if Conrad did not pay the loan. On September 22, 2005, Mrs. Swiers signed a new power of attorney, appointing Lillian as her attorney-in-fact and revoking the earlier power of attorney in favor of George. On November 30, 2005, in a letter to

---

1. *Action No. 1: Aglae L. Swiers v George H. Swiers and Conrad C. Swiers*, Sup Ct, Saratoga County, Ferradino, J., index No. 2005-2975, RJI No. 45-1-2005-0648.

Action No. 2: Lillian Marci v George H. Swiers and Conrad C. Swiers, Sup Ct, Saratoga County, Nolan, J., index No. 2007-0239, RJI No. 45-1-2007-0597.

Action No. 3: Lillian Marci and John Swiers v George H. Swiers, Conrad C. Swiers and Augusta Frampus, Sup Ct, Saratoga County, Nolan, J., index No. 20070257, RJI No. 45-1-2010-0139.

Proceeding No. 4: Application of Lillian Marci, as Administrator of the Estate of Aglae Lillian Swiers, Sur Ct, Saratoga County, Seibert, J., file No. 2007-56.

Action No. 5: Lillian Marci v George H. Swiers and Conrad C. Swiers, Saratoga Springs City Ct, file No. 081121.

George and Conrad, and on behalf of Mrs. Swiers, an attorney demanded that they reconvey the property to their mother. On December 1, 2005, Conrad and George, both as attorney-in-fact for his mother and in his own right, executed a deed purporting to transfer the property to George.

On December 15, 2005, Mrs. Swiers commenced action No. 1 against George and Conrad to set aside the December 2005 deed on allegations that George, without her consent and in violation of his fiduciary obligation as attorney-in-fact, transferred her interest in the property to himself and, as well, to impress a constructive trust on the property on allegations that in October 2003 she had been "defrauded" into transferring the property to herself and George and Conrad. The court in action No. 1 restrained George from transferring or encumbering title to the property during that action's pendency by an order which remains in effect. Also, in action No. 1, Mrs. Swiers later unsuccessfully moved to amend her complaint to add three causes of action all directed at the October 2003 deed and seeking to rescind it on grounds of duress and undue influence on the allegations that she made the conveyance in reliance on her sons' allegedly broken promise that "she would be taken care of" and the false statement that the transfer was necessary to safeguard the property from being "lost" if she needed Medicaid assistance. The court (Ferradino, J.) concluded in August 2006 that plaintiff had failed to produce sufficient evidence on that motion that her additional proposed causes of action had merit. Mrs. Swiers died September 11, 2006. According to court records, action No. 1 is still pending with Mrs. Swiers still the named plaintiff.

On December 27, 2006, Lillian filed in the Surrogate's Court a petition for letters of administration in her mother's estate.[2] Then, on January 23, 2007, Lillian commenced a defamation action, action No. 2, against her brothers, George and Conrad.[3] One day later, Lillian and her brother, John, commenced this action, action No. 3, seeking judgment setting aside both the October 2003 and December 2005 deeds on allegations that George and Conrad unduly influenced and, as well, fraudulently induced Mrs. Swiers to sign the October 2003 deed and that

2. The will Aglae L. Swiers executed in October 2003 was reputedly revoked by physical destruction in December 2005.

3. This court dismissed two of the complaint's causes of action in October 2007. Action No. 2 remains pending but there has been no activity since that partial dismissal.

George also breached his fiduciary relationship in conveying the property to himself alone and concomitantly they filed a notice of pendency. In January 2008, the Surrogate's Court dismissed objections to Lillian's petition for letters of administration filed by her brothers, George and Conrad, and appointed Lillian as the administratrix of her mother's estate. In June 2008, Lillian commenced proceeding No. 4, pursuant to Surrogate's Court Procedure Act § 2103 also seeking, inter alia, to void and set aside the October 2003 and December 2005 deeds on allegations identical to those made in this action. Also, at about the same time, Lillian commenced action No. 5 in the City Court of Saratoga Springs seeking to recover from George and Conrad their respective shares of the real property taxes and household expenses which she paid between October 2003 and September 2006 for the Regent Street property, while the property was owned, in part, by George and Conrad.

## Pending Motions

In this action, action No. 3, three motions made by plaintiffs are pending. The first seeks to extend the notice of pendency against the Regent Street property. The second seeks an order transferring action No. 3 to the Surrogate's Court of Saratoga County. The third seeks partial summary judgment declaring that a one-half interest in the Regent Street property is an asset of the estate of Aglae L. Swiers.

Defendants George H. Swiers and Conrad C. Swiers oppose the three motions.[4]

## The Extension Motion

CPLR 6513 provides that a notice of pendency is effective for "three years from the date of filing" and that

"[b]efore expiration of a period or extended period, the court, upon motion of the plaintiff and upon such notice as it may require, for good cause shown, may grant an extension for a like additional period. An extension order shall be filed, recorded and indexed before expiration of the prior period."

An expired notice of pendency may not be refiled on the same cause of action or claim (*Matter of Sakow*, 97 NY2d 436, 443 [2002]), with the statutory exception that a successive notice of

---

4. Defendant Augusta Frampus, another sibling, has not appeared in the action and is in default.

pendency may be filed only in mortgage foreclosure actions after the initial notice expires. (CPLR 6516; *Deutsch v Grunwald*, 63 AD3d 872 [2d Dept 2009].)

In this action, plaintiff's notice of pendency was filed January 24, 2007 and expired on January 25, 2010, a Monday.[5] On January 25, 2010, plaintiffs filed in the Saratoga County Clerk's Office what was labeled a "Successive Notice of Pendency." On January 29, 2010, plaintiffs' instant order to show cause was signed which initiated this CPLR 6513 application to extend the notice of pendency. Plaintiffs assert that their application is moot and unnecessary since they "timely" filed a successive notice of pendency and that filing "obviates the need for an order extending the Notice of Pendency in this matter."[6]

The statute is clear that an extension of a notice of pendency must be applied for, granted, recorded, and indexed *before* the expiration of the prior three-year period. (CPLR 6513.) That was not accomplished here. Although plaintiffs filed a proposed order to show cause with the County Clerk with the required filing fee on January 22, 2010, it was not received by the court until January 27, 2010 and then signed on January 29, 2010. Both of plaintiffs' efforts to obtain an extension of the notice of pendency fail. The "successive" notice of pendency is ineffective and the statutory requirements of CPLR 6513 were not satisfied *before* the initial notice of pendency had expired.

Plaintiffs' motion to extend the notice of pendency filed on January 24, 2007 is denied, without costs, and the Saratoga County Clerk, upon the filing of this decision and order, is directed to cancel both the notice of pendency filed as instrument No. 2007 003115 and the notice of pendency filed January 25, 2010 as instrument No. 2010 0002605.

## The Transfer Motion

Notwithstanding that their transfer motion was sub judice and that discovery has taken place in the Surrogate's Court proceeding, plaintiffs elected to move for partial summary judgment in this action. Judicial economy will not be promoted or served if this action were transferred to Surrogate's Court before a decision on plaintiffs' summary judgment motion inasmuch as plaintiffs' summary judgment motion now pending in this action is fully briefed and ready for decision.

---

5. General Construction Law § 25-a provides that any period of time which ends on a Sunday is extended to the next succeeding business day.

6. Affidavit of Jennifer R. Sunderlin, dated January 25, 2010, ¶ 6.

Decision on plaintiffs' motion to transfer to the Surrogate's Court of Saratoga County awaits a decision on plaintiffs' summary judgment motion.

## The Summary Judgment Motion

Once again, by deed dated October 29, 2003, Aglae Swiers conveyed the Regent Street property to herself, George, and Conrad as joint tenants and that deed was recorded on December 31, 2003 in the Saratoga County Clerk's Office in book 1668 of deeds at page 0347. Also at the same time, Mrs. Swiers signed a power of attorney appointing George as her attorney-in-fact, and that document was recorded on December 31, 2003 in the Saratoga County Clerk's Office in book 1668 of deeds at page 0344. Then, on September 22, 2005, Mrs. Swiers executed a general power of attorney naming Lillian as her attorney-in-fact and including a provision revoking "any prior general powers of attorneys which I have executed." Then, as noted earlier, by the deed dated December 1, 2005 and recorded December 5, 2005 in book 1740 of deeds at page 0578, Conrad conveyed his interest as a joint tenant in the property to George; and George, as attorney-in-fact for Mrs. Swiers, purported to convey his mother's interest to himself; and George also executed the deed in his individual capacity. Thereafter, the power of attorney Mrs. Swiers had signed on September 22, 2005 was recorded on December 16, 2005 in book 1742 of deeds at page 0050.

On their summary judgment motion, which is based upon the pleadings, the above instruments, and the testimony of Conrad and George given in the Surrogate's Court proceeding, plaintiffs seek a determination that one half of the interest of the Regent Street property is an asset of the estate of Aglae Swiers. To reach this outcome, plaintiffs first assert that the December 1, 2005 deed purporting to convey Mrs. Swiers interest to George was ineffective and void because George's authority to act as his mother's attorney-in-fact had been earlier revoked. Next, plaintiffs urge that joint tenant Conrad's conveyance of his joint interest to George also severed as a matter of law the entire joint tenancy between Mrs. Swiers and George and resulted in a tenancy in common between George and Mrs. Swiers, and that upon Mrs. Swiers' death, her interest vested in her estate rather than passing by survivorship to George. Alternatively, plaintiffs contend that Mrs. Swiers' commencement of action No. 1 qualifies under Real Property Law § 240-c as a written instrument evidencing a specific intent by her to sever the joint tenancy

and thus effectively converted the joint tenancy into a tenancy in common.

■ In opposition, defendants urge that plaintiffs here are collaterally estopped from their instant effort to set aside the deeds by the August 2006 decision and order in action No. 1 denying Mrs. Swiers' motion to amend her complaint to add the additional causes of action seeking to set aside the 2003 deed on the grounds of undue influence and duress. Defendants urge that such ruling is "the law of *this* case" since the claims raised in plaintiffs' complaint here are essentially the same claims that Mrs. Swiers sought to add in action No. 1. Although it touches on a potential defense in action No. 3 that another action, action No. 1, is pending in which the same relief is sought as sought in action No. 3, defendants' collateral estoppel objection to this court's consideration of plaintiffs' motion lacks merit.

Although the plaintiffs in this action, as distributees, are in privity with the estate of Aglae Swiers, the decision in action No. 1 decided only that Mrs. Swiers, then as plaintiff, did not then produce enough evidence to sustain her burden to show merit to her proposed additional causes of action that the October 2003 deed had been procured by duress or fraud on the part of her sons, George and Conrad. That same issue is not now before the court on plaintiffs' motion. The plaintiffs' pending motion does not seek to set aside the October 2003 deed; rather the motion is directed at the December 2005 deed and raises issues not before the court in action No. 1. On this motion, plaintiffs contend that the December 2005 deed should be set aside, in part, because the power of attorney had been revoked prior to the deed's execution and therefore George lacked authority to convey to himself his mother's interest as her attorney-in-fact.

As an initial matter, plaintiffs contend, on this motion, that Mrs. Swiers had either a one-third or a one-half interest.[7] So long as the October 2003 deed stands, the court has little difficulty concluding that Mrs. Swiers, George and Conrad, each had vested title to an undivided one-third interest in the property as joint tenants with right of survivorship. (*Matter of Flaherty*, 65 AD3d 745, 746 [3d Dept 2009] ["language of a deed must be so interpreted and applied as to be meaningful and valid"].) Since there is no language in the deed specifying the

---

7. Affidavit of Jennifer R. Sunderlin, dated May 13, 2010, ¶ 30—one-third interest; ¶¶ 35, 36—one-half interest.

extent of the interest of each grantee, the only reasonable interpretation is that each was accorded an equal one-third interest.

■ Now, the merits of plaintiffs' motion. At the time of revocation of the power of attorney, General Obligations Law former § 5-1501 (1) provided that a power of attorney "may be revoked by [the principal] at any time" and according to the language in the document itself, she reserved her right to revoke it "at any time."[8] Once again, on September 25, 2005, Mrs. Swiers executed a new power of attorney in favor of Lillian in which she specifically revoked "any prior general power of attorney," namely the power of attorney in favor of George. Notwithstanding that George was not notified of the revocation prior to December 1, 2005, the deed he signed that day as attorney-in-fact was ineffective to convey her title in the property to himself. (*Fitzner v Schenectady Trust Co.*, 133 AD2d 1013 [3d Dept 1987].)

The questions then become whether the joint tenancy was severed and whether George's right of survivorship in his mother's one-third interest was lost by virtue of the operation or effect of the December 2005 deed or by virtue of some other occurrence. The answers hinge on Real Property Law § 240-c titled "Joint tenancy severance" which provides:

> "1. In addition to any other means by which a joint tenancy with right of survivorship may be severed, a joint tenant may unilaterally sever a joint tenancy in real property without consent of any non-severing joint tenant or tenants by:
>
> "(a) Execution and delivery of a deed that conveys legal title to the severing joint tenant's interest to a third person, whether or not pursuant to an agreement requiring the third person to reconvey legal title to the severing joint tenant; or
>
> "(b) Execution of a written instrument that evidences the intent to sever the joint tenancy, including a deed that names the severing tenant as the direct grantee of the severing tenant's interest.
>
> "2. No severance of a joint tenancy pursuant to subdivision one of this section shall terminate the right of survivorship of any non-severing joint ten-

---

**8.** Effective September 1, 2009, title 15 of article 5 of the General Obligations Law governing powers of attorney was significantly revised and additional provisions governing the revocation of a power of attorney were enacted. The new provisions do not apply here.

ant or tenants as to the severing tenant's interest unless the deed or written instrument effecting the severance is recorded, prior to the death of the severing tenant, in the county where the real property is located.

"3. Nothing in this section shall limit the manner or effect of:

"(a) A severance of a joint tenancy pursuant to a written instrument executed by all joint tenants, or pursuant to a written agreement of all joint tenants.

"(b) A severance of a joint tenancy effected by a deed from a joint tenant to another joint tenant.

"(c) A severance ordered by a court of competent jurisdiction."

Section 240-c was enacted, in part, to eliminate the common-law rule that a joint owner, to unilaterally break a joint tenancy and to convert it to a tenancy in common, must convey his or her interest to a third party, a "straw man" and then have the "straw man" reconvey the property. (*See Hardin v Rubin*, 4 Misc 3d 1028[A], 2004 NY Slip Op 51115[U] [Sup Ct, Kings County 2004].)

Now under section 240-c, a joint tenant, without consent of the other cotenant or cotenants, may still convey his or her title interest to a third person to sever the joint tenancy, or execute "a written instrument" not necessarily a deed, evidencing an intent to sever the joint tenancy, or execute a deed to himself or herself.

In this case, Conrad's conveyance in the December 1, 2005 deed of his one-third interest to George unquestionably severed Conrad's joint tenancy and his right of survivorship. (Real Property Law § 240-c [3] [b].) Again, plaintiffs urge that such conveyance also severed Mrs. Swiers' and George's joint tenancy and converted George's and his mother's interest into a tenancy in common. The court disagrees. In *Matter of Schrier v Tax Appeals Trib. of State of N.Y.* (194 AD2d 273, 275 [3d Dept 1993]), the court stated the general rule that "a joint tenant may convey his interest in the joint property during his lifetime, thereby severing *that* interest from the joint holding" (emphasis added). And, in *Pattelli v Bell* (187 Misc 2d 275 [Sup Ct, Richmond County 2001]), one of only two reported cases applying section 240-c, the court stated that "[f]urther, such severance [by one cotenant] does not terminate the right of survivorship of the

nonsevering joint tenant." As the result of the conveyance by Conrad, George became vested with an undivided one-third interest held as a tenant in common, and George and Mrs. Swiers remained vested with an undivided two-thirds interest, as between the two, held as joint tenants.

George's purported conveyance, as his mother's attorney-in-fact, of her one-third interest to himself, was a nullity for all purposes, including a transfer of title and a severance of their joint tenancy. It did not sever the joint tenancy of Mrs. Swiers and George and it did not terminate their respective survivorship interests in the cotenancy of the other.

However, George's execution of the deed in his own right, individually and not as the agent of another to himself, was not a nullity, and in fact, effectively severed his joint tenancy with his mother and terminated her survivorship interest in his tenancy and his survivorship interest in her tenancy. This result flows from section 240-c (1) (b). George's deed to himself could only be construed as an intentional act to sever the joint tenancy. There was no need for him to sign the December 2005 deed in his individual capacity if his goal were simply to acquire complete ownership since Conrad's conveyance and his purported transfer of his mother's interest would have been sufficient to vest in him the entire fee. Nor could George successfully argue that he intended to preserve his joint tenancy with his mother *if* his conveyance as her attorney-in-fact were ineffective to convey her interest to him. The law admits no such limitation to a grant by deed of an interest in real property.

Plaintiffs' fallback position, that Mrs. Swiers' commencement of action No. 1 qualifies as "a written instrument" sufficient to sever the joint tenancy need not be considered, but if it were, it would fail. It has been held that a joint tenant's commencement of a partition action is insufficient to sever or terminate a joint tenancy; rather the tenancy survives until a judgment of partition is issued. (*Ellison v Murphy*, 128 Misc 471 [Sup Ct, Chemung County 1927].) By analogy, the commencement of this action by Mrs. Swiers to set aside the October 2003 deed creating the joint tenancy likewise does not suffice to sever the joint tenancy. Nor was the November 30, 2003 letter from Mrs. Swiers' attorney demanding the boys convey the property to their mother sufficient to sever the joint tenancy.

Based upon these rulings, the court grants summary judgment to plaintiffs to the extent that it is adjudged that, by virtue

of the October 2003 deed and so long as it stands, Aglae L. Swiers owned with joint tenants defendant, George H. Swiers and defendant, Conrad C. Swiers, an undivided one-third interest in 202 Regent Street as a joint tenant; that the December 2005 deed was effective to transfer Conrad's one-third interest to George and to sever Conrad's joint tenancy but did not sever his mother's and George's joint tenancy; that the commencement of action No. 3 did not sever the mother's and George's joint tenancy; that George's conveyance to himself in the December 2005 deed severed George's and his mother's joint tenancy and terminated both his and her survivorship interests in the other's tenancy; and that upon her death, Aglae L. Swiers' one-third interest passed in intestacy, and therefore, such interest is an asset of her estate.

## Transfer Motion (Continued)

Left sub judice in action No. 3 is that portion of the cause of action addressed to the October 2003 deed. Supreme Court and Surrogate's Court have concurrent jurisdiction in matters involving a decedent's estate. (*Matter of Kaminester v Foldes*, 51 AD3d 528 [1st Dept 2008].) There is a preference that litigation involving property of a decedent's estate be resolved in Surrogate's Court. (*Cipo v Van Blerkom*, 28 AD3d 602 [2d Dept 2006].) Therefore, Supreme Court should generally transfer a case to Surrogate's Court where the alleged wrongs raised in a Supreme Court action involve a decedent's estate. (NY Const, art VI, § 19 [a]; CPLR 325 [e]; *Nichols v Kruger*, 113 AD2d 878 [2d Dept 1985].) Yet, transfer is not mandatory or automatic, and Supreme Court has discretion in deciding whether transfer in a specific case is appropriate. (*Matter of Kaminester v Foldes, supra*.) The complaints/petitions in all three of the actions/proceedings challenging the validity of the two deeds seek the same relief—to set aside the October 2003 and December 2005 conveyances, and alternatively to impose a constructive trust on substantially the same grounds. The parties and attorneys are the same in both these actions and the Surrogate's Court proceeding, and since the court has now determined that at least one third of the property is an asset of Mrs. Swiers' estate, further proceedings will be required in Surrogate's Court to administer and distribute that asset. Thus, the court sees no reason not to adhere to the general preference that matters involving a decedent's estate be resolved in Surrogate's Court,

and will transfer the undecided balance of this action challenging the validity of the 2003 deed to the Saratoga County Surrogate's Court. Plaintiffs' transfer motion is accordingly granted, without costs.